**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IRVIN GEORGE,**

        **Plaintiff,**

**-vs-**                                   **Case No. 6:04-cv-1356-Orl-22DAB**

**ORANGE COUNTY CORRECTIONS**
**DEPARTMENT,**

        **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR ATTORNEY FEES (Doc. No. 67)**
>
> **FILED:**      **January 19, 2007**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

Following the entry of judgment in its favor in this Title VII discrimination case, Defendant seeks an award of $54,322.00 in attorney's fees, pursuant to 42 U.S.C. § 1988(b) and 42 U.S.C. § 2000e-5(k). For the reasons set forth herein, it is **respectfully recommended** that the motion be **granted, in part** and attorney's fees in the amount of $50,750.00 be awarded.

### *BACKGROUND*

Plaintiff brought this action, alleging that he was suspended from his employment with Defendant due to his race, in violation of Title VII of the Civil Rights Act of 1964 and the Florida

Civil Rights Act (Doc. No. 1). Defendant answered the Complaint and denied the allegations of discrimination, and the case was stayed from February 1, 2005 until August 12, 2005, while Plaintiff prosecuted his grievance administratively with Defendant (Doc. Nos. 14, 15 and 25). The parties proceeded through discovery, and an unsuccessful mediation (Doc. No. 38). Defendant moved for summary judgment, and the undersigned recommended that the motion be granted. The District Court adopted the recommendation, granted the relief sought, and judgment was entered in Defendant's favor (Doc. Nos. 40, 60, 65, 66). This motion followed. Plaintiff has filed a timely opposition brief (Doc. No. 70), and the matter is ripe for resolution.

### *ISSUES AND ANALYSIS*

Defendant seeks an award of attorney's fees based on its contention that it was the prevailing party and the case brought by Plaintiff was frivolous. In large measure, the Court agrees.

**Prevailing Party and the Civil Rights Act**

Defendant relies on the fee-shifting provisions pertaining to federal civil rights actions, which provide, in pertinent part:

> In any action or proceeding to enforce a provision of sections 1981 [or] 1982 . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs. . . .

42 U.S.C. § 1988(b).

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs. . . .

42 U.S.C. § 2000e-5(k).

Defendant is clearly the prevailing party, but, as the statutory language notes, such an award is discretionary. In determining whether to exercise its discretion, the Court is guided by the

*Christianburg* standard, which recognizes that a prevailing plaintiff should ordinarily be awarded attorney's fees, but a prevailing defendant should recover fees only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). As noted by the Eleventh Circuit Court:

> In this context, the district court "must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Sullivan v. Sch. Bd. of Pinellas County*, 773 F.2d 1182, 1189 (quoting *Jones v. Texas Tech Univ.*, 656 F.2d 1137, 1145 (5th Cir. Unit A Sept. 1981) (footnote omitted). In the cases in which we have sustained findings of frivolity, plaintiffs have typically failed to "introduce any evidence to support their claims." *Sullivan*, 773 F.2d at 1189. Other factors that may be relevant to this inquiry include "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." *Id.* The *Sullivan* factors, however, are "general guidelines only, not hard and fast rules," and "[d]eterminations regarding frivolity are to be made on a case-by-case basis." *Id*.

*Cordoba v. Dillard's, Inc.,* 419 F.3d 1169, 1176-7 (11th Cir. 2005).

Applied here, the Court finds that Plaintiff's case was, indeed, without evidentiary foundation, sufficient to justify an award of fees. As noted by the undersigned in the Report recommending summary judgment for failure to establish a prima facie case, "There is not one iota of record evidence to support an inference that race was the actual reason for the discipline." (Doc. No. 60 at 19). The District Court agreed, noting: "Plaintiff has not presented any evidence demonstrating (a) the existence of a valid comparator who was treated more favorably than Plaintiff, (b) that the Defendant's articulated legitimate reason for disciplining Plaintiff was pretextual, and (c) that the discipline imposed was in any way racially- motivated." (Doc. No. 65). Moreover, the District Court noted that Plaintiff's objections to the Report and Recommendation were themselves frivolous, finding:

> Not only are Plaintiff's objections devoid of merit, some of them contravene the stipulated facts set forth in the parties' Joint Final Pretrial Statement (Doc. 49). In that respect, Plaintiff's Objections come perilously close to violating Fed. R. Civ. P. 11. (Doc. No. 65 at 2).

In contrast, Plaintiff argues that his case was not frivolous in that he "submitted evidence to the court which he believed supported his belief that white employees were treated differently when they engaged in conduct similar to that of the Plaintiff. In addition, this same evidence was used to demonstrate pretext. The Plaintiff submitted evidence that it [sic] believed suggested that the employer's reasons for charging the Plaintiff with violating Administrative Order 2.5 were not credible." (Doc. No. 70 at 4). This evidence, according to Plaintiff, was 1) the deposition of Melanie Monroe in which she notes that written FBI documents, which "mentioned CO Pipkins possible involvement in conduct that violated Administrative Order 2.5" were available to Defendant when the decision was made to suspend Plaintiff, and 2) deposition testimony which indicated that no notes were taken by either Lt. Adams or Melanie Monroe regarding dates or times of day of Lt. Adams conversation with Monroe, thus supporting Plaintiff's assertion that Lt. Adams did not report what Plaintiff told her, "which would have established that she also violated Administrative Order 2.5." *Id.* This, coupled with Plaintiff's assertion that he "honestly believed" he was discriminated against, forms the entire argument against entitlement to fees.

As is clear from the Report and the Court's Order on summary judgment, however, neither of these documents is evidence of anything material to the claim as CO Pipkins conduct was dissimilar as a matter of law and the absence of note-taking is irrelevant. Absent any evidence sufficient to support his claim of discrimination, the claim was frivolous as a matter of law.

Having established entitlement to an award, the Court turns to the amount of the award. As is clear from the statutory language, the Court has discretion to award a *reasonable* fee. In making

such a determination, the Court applies the familiar lodestar approach. "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *American Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423 (11th Cir.1999).  A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation.  *Gaines v. Dougherty County Board of Education*, 775 F.2d 1565, 1571 (11th Cir. 1985).

Factors to be considered when setting a fee include:  1) the time and labor required; 2) the novelty and difficulty of the issues; 3) the skill required to perform the legal services properly; 4) preclusion of other employment; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation and ability of the attorneys; 10) the undesirability of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases.  *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714, 717-19 (5th Cir. 1974).  The going rate in the community is the most critical factor in setting the fee rate.  *Martin v. University of South Alabama*, 911 F.2d 604, 610 (11th Cir. 1990).

Here, Defendant contends that it incurred fees based on the following:

| TIMEKEEPER | HOURS | RATE | TOTAL |
|---|---|---|---|
| Jeffrey E. Mandel | 216.7 | $160.00 | $ 34,672.00 |
| David A. Young | 52.9 | $125.00 | $  6,612.50 |
| Suzanne V. Delaney | 104.3 | $125.00 | $13, 037.50 |
|  |  | **Total** | **$54,322.00** |

*Reasonable Hours*

In reviewing hours claimed, the Court bears in mind that not every hour claimed is reasonably taxed to one's adversary. Fee applicants must exercise billing judgment and prune out unnecessary, excessive or redundant hours. *See Barnes v. ACLU,* 168 F. 3d 423, 428 (11th Cir. 1999). The billing sheets provided by defense counsel indicate that Defendant spent well over 350 hours in litigating this action through summary judgment. The Court finds that some of this time is not properly included, such as time spent while the case was stayed (*see, e.g.,* April 13, 2005 entry for telephone conference "regarding George Step II hearing"), and excessive time (*e.g.,* the approximately 32 hours spent in preparation for Plaintiff's deposition - not including the time spent at the deposition, nor the 5.20 additional hours spent "summarizing" the deposition). On the whole, however, the majority of the time is properly claimed, considering that Defendant completed discovery, participated in mediation, and prepared the case through Final Pretrial Statement. The Court finds 200 hours for Mr. Mandel, fifty hours for Mr. Young, and 100 hours for Ms. Delaney to be reasonable.

*Reasonable Rates*

In Affidavit, counsel contends that Jeffrey Mandel is a partner with 20 years of experience in labor and employment law, David Young has five years of experience and Suzanne Delaney is a two year associate (Doc. No. 67-2). Defendant also offers the Affidavit of Attorney Dorothy F. Green, attesting to the reasonableness of the hourly rates charged and the overall fee (Doc. No. 67-3). The Court agrees with Ms. Green that the rates charged are well within (and, indeed, below) the rates charged by similarly qualified counsel in this area for such work.

*The Calculation, as adjusted*

As the Court does not find that any of the *Johnson* factors warrant adjusting the fee, application of the lodestar yields an attorney's fee of $50,750.00. Here, however, Plaintiff has raised

the issue of his ability to pay, citing *Durett v. Jenkins Brickyard, Inc.,* 678 F.2d 911, 917 (11th Cir. 1982) ("[W]e hold that a district court awarding attorney's fees to a prevailing Title VII defendant should consider not only the applicable *Johnson* guidelines, but also, as a limiting factor, the plaintiff's financial resources"), *see also Baker v. Alderman,* 158 F. 3d. 516, 527 (11th Cir. 1998) ("The law in this circuit is clear that ability to pay should be considered in the award of attorney's fees under § 1988." Unfortunately, however, Plaintiff fails to present any specific *evidence* of his financial situation, short of counsel's argument that "by anyone's standard $54,322.00 is a substantial amount of money. To a correctional officer, that amount is overwhelmingly large and could have unintended, debilitating financial consequences and inflict additional emotional trauma." A party seeking to limit an award of attorney's fees has the burden to establish his or her financial status. *Scelta v. Delicatessen Support Services, Inc.,* 203 F. Supp.2d 1328, 1336 (M.D. Fla. 2002) (internal citations omitted). At present, the record does not include any indication of Plaintiff's financial status or inability to pay sufficient to warrant a reduction. Thus, absent supplementation of the record in response to this Report, the Court respectfully recommends that the motion be **granted, in part,** and an award of $50,750.00 in attorney's fees be made in favor of Defendant.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 23, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy